896 F.Supp. 403 (1995)
Robert FEIGE, Patricia Feige, DP Realty Trust, Inc., DP Realty Trust, FiCrest Retirement Corporation, FiCrest Retirement Nominee Trust, and Covest, Ltd.
v.
Steven SECHREST, Cynthia M. Maleski, Insurance Commissioner of the Commonwealth of Pennsylvania, Emil Molin, Frederick Richardson, Charles Lunden, Harry Stokes, and the French Company, Inc.
Civ. A. No. 94-6738.
United States District Court, E.D. Pennsylvania.
February 22, 1995.
*404 Alan M. Rosen, Klehr, Harrison, Harvey, Branzburg & Ellers, Philadelphia, PA, John H. Perten, Bowditch and Dewey, Framingham, MA, for plaintiffs.
Brian J. McMonagle, Alva and McMonagle, Philadelphia, PA, Richard L. Burpee, Burpee and De Moura, Boston, MA, William G. Frey, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, PA, for Steven Sechrest, and Corporate Life Ins.
Gavin P. Lentz, Bochetto & Lentz, P.C., Philadelphia, PA, G. Alexander Bochetto, Bochetto and Lentz, P.C., Philadelphia, PA, Stephen E. Skovron, Bochetto and Lentz, P.C., Philadelphia, PA, Michael J. Keefe, Johnson, O'Malley and Harvey, Boston, MA, for Frederick Richardson.
James H. Wexler, Kotin, Crabtree & Strong, Boston, MA, for Charles Lunden.
Stephen E. Skovron, Bochetto and Lentz, P.C., Philadelphia, PA, for Emil Molin and Frederick Richardson.

MEMORANDUM
LUDWIG, District Judge.
Maleski, the Pennsylvania statutory liquidator of defendant Corporate Life Insurance Company,[1] moves for a stay of this action pending the outcome of the action pending in Pennsylvania Commonwealth Court.[2] Jurisdiction is diversity. 28 U.S.C. § 1332.
On June 26, 1993, Corporate Life filed an action in this court against DP Realty Trust, DP Realty Trust, Inc., FiCrest Retirement Trust, FiCrest Retirement Nominee Trust, the Feiges and Steven Sechrest. Corporate Life (now Maleski) v. DP Realty Trust, No. 93-3339 (E.D.Pa.1993). Defendants in that action are alleged to have converted $11 million in mortgage loans entrusted to them by Corporate Life. After that action was filed, defendant Sechrest, ostensibly a partner of Robert Feige in the ownership of the corporate defendants, entered into an agreement with plaintiff Corporate Life. In exchange for his interests in the Feige-Sechrest entities and his cooperation in the lawsuit against Feige, he was released from liability by Corporate Life. On December 10, 1993 Corporate Life and Steven Sechrest filed a second action in this court, Corporate Life (now Maleski) v. DP Realty Trust, No. 93-6679 (E.D.Pa.1993). This action sought to dissolve the Feige-Sechrest entities  DP Realty Trust, DP Realty Trust Inc., FiCrest Retirement Trust and FiCrest Retirement Nominee Trust  and to have a receiver appointed to collect and distribute their assets. Id.
On January 24, 1994 the present action was filed in the District of Massachusetts and, by order of September 22, 1994, was transferred here.[3]See Feige v. Sechrest, No. 94-10144 (D.Mass.1994). According to the complaint in this action, Corporate Life fraudulently misrepresented its assets to the Pennsylvania Insurance Department and thereafter falsely accused Feige and the then Feige-Sechrest entities of illegally diverting mortgages from its portfolio. Conversion of Feige's property by Corporate Life and Sechrest is also alleged.
On February 15, 1994 the Commonwealth Court entered an order directing the liquidation of Corporate Life and staying all actions. *405 Maleski v. Corporate Life Insurance Company, Docket No. 175 Civ. 1993 (Pa. Commw.Ct.1994) (liquidation order). On July 1, 1994, Maleski, as statutory liquidator, filed an action in the Pennsylvania Commonwealth Court against current plaintiffs. Maleski v. DP Realty Trust, 288 Civ. 1994 (Pa. Commw.Ct.1994). That action, paralleling Corporate Life's first action in this court, also claims fraudulent conversion of Corporate Life's assets. By order entered October 3, 1994, this court, on Maleski's motion, stayed the two actions pending here.[4] The statutory liquidator now moves to stay the present action.
The Maleski actions were stayed under the doctrine of Burford v. Sun Oil, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). A Burford stay may be granted when the following conditions are met:
Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are "difficult questions of state law bearing on policy problems of substantial import whose importance transcends the result in the case then at bar"; or (2) where the "exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."
New Orleans Public Service, Inc. v. Council of the City of New Orleans, 491 U.S. 350, 361, 109 S.Ct. 2506, 2514, 105 L.Ed.2d 298 (1989) (citations omitted).
Plaintiffs oppose the stay, arguing that not all of their claims will receive "timely and adequate" state court review. Response to motion to stay at 15. The Pennsylvania Commonwealth Court does not, they maintain, have jurisdiction over all of their claims under 42 Pa.C.S. § 761.[5]Id. at 16. However, plaintiffs' principal claims are against Corporate Life  and now the Insurance Commissioner as statutory liquidator for Corporate Life. These claims, being against an official of the Commonwealth, are subject to the state court's original jurisdiction. 42 Pa.C.S. § 761(a)(1).[6]
Plaintiffs' claims against non-Corporate Life defendants, to the extent they do not arise under the Insurance Act, are not within the original jurisdiction of the Commonwealth Court.[7] Nevertheless, those involving the French Company and the Hearthstone bonds materially affect Corporate Life and are therefore a part of the Commonwealth Court action. Pennsylvania Commonwealth Court complaint at 16-18; Feige complaint at 8-10. All of the claims against the principals of Corporate Life are derivative. The remaining ones are against Sechrest for conversion of plaintiffs' assets and illegal litigation tactics by reason of his allegedly joining forces with Corporate Life. These claims should be decided as part of the original dispute between Corporate Life and Feige-Sechrest or deferred until that dispute is resolved. In either event, a stay in this court is appropriate. If not disposed of in the state liquidation, these collateral claims can be litigated here once the relevant issues in the liquidation action have been adjudicated. The likelihood is that all of the issues of parties inter se will be concluded by the state court proceeding.
It makes no sense to say the "Orwellian" issues of Feige-versus-Corporate Life and Sechrest do not involve state policy and therefore should proceed here despite the state court liquidation. The pertinent factual *406 scenario necessarily entails the relationships of these parties from the beginning  not simply from the realignment of their interests when Sechrest sold out to Corporate Life. Also, as a principal defendant in this action, Corporate Life is an insolvent insurance company and cannot readily defend itself. State policy is implicated in preventing a "race to the courthouse." Grode v. Mutual Fire, Marine and Inland Ins. Co., 8 F.3d 953, 960 (3d Cir.1993). Pennsylvania has a complex insurance regulatory scheme, the litigation of which should not be disrupted by parallel federal court claims. General Glass v. Monsour Medical Found., 973 F.2d 197, 201 (3d Cir.1992).
Plaintiffs also fault abstention under Burford, asserting that this case arises at law and not in equity  and, consequently, Burford is inapplicable.[8] Response to motion to stay at 19-21. The complaint in this case calls for equitable relief in the form of a declaratory judgment, rescission, and preliminary and permanent injunctions,[9] as well as money damages. Complaint at 24-26. The essence of the action is that the combination formed by Corporate Life and Sechrest against Feige should be set aside and penalized. These are matters that obviously sound in equity. The claims regarding Corporate Life will be stayed pending the outcome of the Pennsylvania Commonwealth Court action. All remaining claims may be pursued thereafter. An order accompanies this memorandum.

ORDER
AND NOW this 22nd day of February, 1995, this action is stayed pending the resolution of relevant issues in the Pennsylvania Commonwealth Court's liquidation proceeding in re Corporate Life Insurance Company and the clerk is directed to mark this action closed for statistical purposes.
NOTES
[1] Cynthia M. Maleski, Deputy Insurance Commissioner for the Commonwealth of Pennsylvania, appeared as statutory liquidator for this insurance company and was substituted for it as a party.
[2] Maleski v. DP Realty Trust, 288 Civ. 1994 (Pa. Commw.Ct. filed July 1, 1994). On June 4, 1993 a petition for liquidation was filed by the Insurance Commissioner for the Commonwealth of Pennsylvania asking for the involuntary dissolution of Corporate Life.
[3] Plaintiffs in Feige are defendants in the Corporate Life (Maleski) actions.
[4] These orders are on appeal.
[5] The Pennsylvania Commonwealth Court has original jurisdiction over all actions by or against the Commonwealth or any Commonwealth officer acting in his official capacity. 42 Pa.C.S. § 761. Actions arising under Article V of the Insurance Department Act of 1921, 40 Pa.S. § 221.1 et seq. are also within the original jurisdiction of the Commonwealth Court. Id.
[6] The complaint alleges a cause of action against Corporate Life under the federal RICO statute, 18 U.S.C. § 1961. The federal courts do not have exclusive jurisdiction over RICO claims. Tafflin v. Levitt, 493 U.S. 455, 467, 110 S.Ct. 792, 799, 107 L.Ed.2d 887 (1990) (state courts have concurrent jurisdiction in civil RICO actions).
[7] The scope of the Commonwealth Court's ancillary jurisdiction is unclear. 42 Pa.C.S.A. § 761(c).
[8] Burford abstention has been applied only in cases involving equitable relief. Riley v. Simmons, 45 F.3d 764, 771-74 & n. 7, 778-80 (3d Cir.1995). Extending the application of Burford to legal actions has been considered, albeit, the authority for doing so is unclear. Id. Here, the ultimate scope of Burford is not at issue inasmuch as this action includes equitable relief.
[9] Porter v. Warner Co., 328 U.S. 395, 399, 66 S.Ct. 1086, 1090, 90 L.Ed. 1332 (1945) (equitable jurisdiction is properly invoked for injunctive purposes); Batka v. Liberty Mut. Fire Ins. Co., 704 F.2d 684, 688 (3d Cir.1983) (rescission is an equitable remedy); Manir Properties v. Resolution Trust Corp., No. C.A. 93-3271, 1993 WL 381445, at *2 (E.D.Pa.1993) (listing injunctions and rescissions as types of equitable relief). See Lac D'Amiante du Quebec, Ltee. v. American Home Assur. Co., 864 F.2d 1033, 1045 (3d Cir.1988) (abstention available in declaratory judgment actions).